UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN KLINE,<br><br>Defendant. | Case No. 25-cr-209<br><br>*Let this be filed.*<br>*Royce C. Lamberth*<br>*U.S.D.J.  10/7/25* |

**STATEMENT OF OFFENSE IN SUPPORT OF**
**DEFENDANT STEPHEN KLINE'S PLEA OF GUILTY**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Statement of Offense in Support of Defendant Stephen Kline's Plea of Guilty to Count One of the Indictment charging him with Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2).

**I.    The Penalties**

A violation of 18 U.S.C. § 2252(a)(2) carries a mandatory minimum sentence of five (5) years of imprisonment and a maximum sentence of 20 years' imprisonment; a fine of not more than $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or both; a term of supervised release of not less than five years up to life, pursuant to 18 U.S.C. § 3583(k); mandatory restitution under 18 U.S.C. § 3663A and 18 U.S.C. § 2259; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**II.    The Elements of the Offense**

To prove that the defendant is guilty of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), (b)(1), the government must prove beyond a reasonable doubt that:

(1) The defendant knowingly distributed a visual depiction using any means or facility of interstate commerce;

(2) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

(3) Such visual depiction was of a minor engaging in sexually explicit conduct;

(4) The defendant knew that such visual depiction was of sexually explicit conduct and knew that at least one of the person engaged in sexually explicit conduct in such visual depiction was a minor.

### III.  Factual Proffer

The following proffer of the government's evidence is intended only to provide the Court with enough evidence to satisfy the mandate of Rule 11(b)(3) of the Federal Rules of Criminal Procedure. This proffer is not intended to be a disclosure of all the evidence available to the United States nor, to the extent it makes representations concerning anything the defendant said, is it a recitation of all that the defendant said or did.

#### **Factual Background**

On Thursday, June 26, 2025, an FBI Task Force Officer (TFO) working with the Washington Field Office was acting in an undercover (UC) capacity as part of the Metropolitan Police Department-Federal Bureau of Investigation ("MPD-FBI") Child Exploitation Task Force, operating out of a satellite office in Washington, D.C. In that capacity, the UC entered a fetish website. Different areas of this site are known to the UC as places where people meet, discuss, and trade original images of underage children, links containing child pornography. On June 26, 2025 a user using the screen name, "sk87p", later identified as Stephen Kline, initiated a private message chat with the UC within the fetish website.

The following is a portion of the email chat between Kline and the UC:

sk87p: "Hey buddy, I am a fellow dad with a daughter as well. Id love to chat"

UC: "Do you have teleguard"

sk87p: "No wire and session"

On Monday, June 30, 2025, the UC sent a message request to the Session[1] ID code provided by sk87p. The Session ID Code also utilizes the Session username "Tabdad147". The UC sent the following message "Hey it's Rob from [aforementioned fetish website] is this sk87p". The defendant responded, "yep, hey buddy". The following is a portion on the messages sent on session:

UC: "So you have a daughter as well"

Tabdad147: "i do" "shes 15"

UC: "Very nice" "Mines 9" "I bet very cute"

Tabdad147: "9 is such an amazing age" "yeah mine is pretty sexy"

UC: "Yes she's amazing" "You get to play or spy"

Tabdad147: "a little of both, how about you?" "she make daddy hard"

UC: "Same here and yes very hard" "She like to play around with oral she thinks it's a fun game"

Tabdad147: "aw well it kinda is lol" "she suck you?"

UC: "Yeah unfortunately that as far as it goes for now" "How about your girl"

---

[1] SESSION is an instant messaging mobile application that allows users to transmit and receive messages, photos, and videos. Users can communicate privately with other users or in groups. SESSION has end-to-end encryption.

Tabdad147: "She doesn't really like sucking, she will jerk, or use her feet." "she loves to grind on me"

UC: "Mmmm that's hot"

Tabdad147 then sent an image of a female in a black bikini who appeared to be pubescent. Tabdad147 stated, "she loves watching me cum, esp when it really shoots.":

As the messages continued, Tabdad147 sent additional images of his reported 15-year-old daughter, one in a green bikini and another in a black bikini. Tabdad147, during the messages, sent an image of his reported daughter lying face down on a couch wearing a red shirt and blue shorts. The UC asked Tabdad147 to send a picture of the couch and blanket visible in the picture depicting his reported daughter to verify that the image of his daughter was real rather than an image he obtained from another source. Tabdad147 sent an additional picture of the couch and blanket, which did not depict his reported daughter

After Tabdad147 verified that he does have access to his reported child, the UC stated, "Thanks always great to find a real perv dad" and then asked Tabdad147, "What's the nastiest one you've got so far". Tabdad147 responded, "yeah it really is" and "nastiest what?" The UC stated, "of that little hottie". Tabdad147 then sent an image of a pubescent girl sitting on a couch with her knees up wearing what appears to be underwear and the image is focused on her vagina.

The messages continued and a portion of those chats are as follows:

UC: "What ages do you like to jerk too" "So pissed my mega link got killed last week"

Tabdad147: "yeah i don't trust mega anymore" "7-15, 9-10 being my fav"

UC: "Oh why something I should know about Mega"

Tabdad147: "no that it goes down all the time"

UC: "Ok scared me for a second" "Got anything good you could send"

Tabdad147: "no no your good" "what do you like"

UC: "Love under 10 no limits at all"

Tabdad147 sent two images and five videos containing child sexual abuse material (CSAM) to the UC via Session. One of the videos, ten seconds in length, depicts a prepubescent female child unclothed with no breast development, very young facial features and small body structure, being orally penetrated by an unclothed adult male's erect penis. Another video, twelve seconds in length, depicts a prepubescent female girl with no breast development, very young facial features, small body structure bound to a bed by her wrists and completely unclothed, while a second individual is holding a pink vibrating object to the girls vagina.

During the course of the messages, Tabdad147 advised that his name was Mike and that he was 40 years of age. Tabdad147 reported that he lived in Pennsylvania. The defendant's profile on the original fetish website where user sk87p met the UC reports that sk87p is a 40-year-old male living in Lancaster, Pennsylvania, United States.

Following Kline's arrest, law enforcement agents extracted his devices. Kline engaged in conversations with other individuals online regarding the sexual abuse of children and distributed non-CSAM photographs of his step-daughter during the course of some of those conversations.

Respectfully submitted,

*Janani J. Iyengar*
Janani Iyengar
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I have read every word of this Statement of the Offense and reviewed it with my attorney. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crimes charged.

Further, I have discussed with my attorney Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I knowingly and voluntarily waive the rights that arise under these rules in the event that I withdraw my guilty plea, withdraw from my Plea Agreement **after signing it**, or breach my Plea Agreement. I understand that, in such instances, the Government will be free to use against me, directly and indirectly, in any criminal or civil proceeding, any statements I have provided pursuant to the Plea Agreement, **after it is signed**, or after entry of the Plea Agreement, including any statements I made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree to this Statement of the Offense, and declare under penalty of perjury that it is true and correct.

Date: 10/7/2025

_____
Stephen Kline
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of Offense and reviewed it fully with my client. I concur in my client's desire to agree to this Statement of the Offense as true and accurate.

Further I have discussed with our client Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. I have discussed with my client that, **by signing the Plea Agreement**, my client waives the rights that arise under these rules in the event my client withdraws his guilty plea, withdraws from the Plea Agreement **after signing it**, or breaches the Plea Agreement.

Date: 10/7/2025

_____
Shelli Peterson, Esq.
Attorney for Defendant